IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT JOHAN SIMON and | ) | Case No. 04-62441 |
| KATHERINE ANN SIMON, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| FRED CHARLES MOON, | ) | Adversary No. 05-6021 |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT JOHAN SIMON, | ) | |
| KATHERINE ANN SIMON, and | ) | |
| ROBERT M. AULT, III, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Chapter 7 trustee seeks to sell real estate jointly held by debtor Katherine Ann Simon and nondebtor Robert M. Ault, III and divide the proceeds between Mr. Ault and the bankruptcy estate. Mr. Ault wishes to assert his homestead exemption before dividing the proceeds. The trustee contends Mr. Ault is not entitled to claim a homestead exemption from the proceeds. The parties have filed a stipulation of facts and briefs. They ask this Court to decide this issue on the pleadings. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by

Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will grant the trustee's Complaint for Declaratory Relief and Order him to sell the Real Estate and divide the proceeds, after satisfying all liens or encumbrances and deducting the costs and expenses of the sale.

## FACTUAL BACKGROUND

On July 6, 1995, Katherine Ann Allen, now Katherine Ann Simon, and Mr. Ault purchased a home at 5669 South Grande Vista Drive, Springfield, Missouri, (the Real Estate) for the sum of $167,500. They each contributed one-half of the $19,248 down payment. On August 9, 1999, Ms. Allen vacated the premises. Mr. Ault has continued to reside in the home. On September 12, 2004, Robert and Katherine Simon filed a Chapter 7 bankruptcy petition. They scheduled Ms. Simon's undivided one-half interest in the Real Estate. It is undisputed that that undivided one-half interest became property of Katherine's bankruptcy estate. Since it is impracticable to sell only the undivided one-half interest, the trustee seeks to sell the real estate pursuant to § 363(j) of the Bankruptcy Code (the Code). Mr. Ault has no objection to the sale of the Real Estate, and he has waived any claim of set-off regarding maintenance and repairs to the home during the interim after Katherine vacated the premises. The sole issue is whether Mr. Ault is entitled to claim a homestead exemption before the trustee divides the sales proceeds.

## DISCUSSION

Section 363(h) of the Code authorizes the trustee to sell property held as tenants in common:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if–

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthtic gas for heat, light, or power.[1]

After the sale of such property, the trustee must divide the proceeds to the co-owner according to his or her interest.

(j) After a sale of property to which subsection (g) or (h) applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.[2]

Mr. Ault argues that he is entitled to apply a homestead exemption to the proceeds of the sale. Thus, he would have the first $15,000 in net sales proceeds paid to himself, with the remainder split equally. The trustee argues that the homestead exemption does not apply to

---

[1] 11 U.S.C. § 363(h).

[2] 11 U.S.C. § 363(j).

property held as tenants in common. This is not an exemption issue, however. Had Ms. Simon and Mr. Ault decided voluntarily to sell the Real Estate prior to Ms. Simon filing for bankruptcy relief, the parties would have simply split the proceeds of the sale. The trustee now replaces Ms. Simon, and holds the same interest in the Real Estate that she held prior to filing.[3] In *State of Missouri to the Use of Sligo Iron Store Company v. Mason, et al.*,[4] the court explained this issue as follows:

> [i]f A has a limited estate in land, and B has the remaining portion of the beneficial estate, as where A and B are tenants in common, and A lives upon the land as his homestead, and claims a homestead exemption therein, it may well be, that in determining the extent of this exemption, the value of his homestead, within the meaning of the statute, is the value of his interest in the land; because this is really all that can be sold.[5]

That is exactly the situation here. Mr. Ault and the Chapter 7 trustee now each hold an undivided one-half interest in the Real Estate. When the Real Estate is sold, Mr. Ault is entitled to one-half of the proceeds. The value of his homestead exemption can be no more than the value of his one-half interest.

I, therefore, grant the trustee's motion to sell the Real Estate pursuant to § 363(h) of the Code, to satisfy all of the liens, and to distribute to Mr. Ault one-half of the sales proceeds, less the costs and expenses, not including any compensation to the trustee.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

[3]*See* 11 U.S.C. § 323.

[4]15 Mo. App. 141, 1884 WL 9282 (Mo. Ct. App. 1884).

[5]*Id.* at * 3.

                                                <u>/s/ Arthur B. Federman</u>
                                                  Bankruptcy Judge

Date: June 9, 2005

Copy to: Gary E. Bishop
          Robert M. Sweere